■ In the Matter of RALPH CASO, Appellant, v NASSAU COUNTY POLICE DEPARTMENT et al., Respondents. [761 NYS2d 303] —In a proceeding pursuant to CPLR article 78 to compel the respondents to return certain items of personal property seized from the petitioner, the appeal is from a judgment of the Supreme Court, Nassau County (Lally, J.), dated June 12, 2003, which denied the petition and dismissed the proceeding.

Ordered that on the Court's own motion, the notice of appeal from a decision of the same court dated October 10, 2001, is deemed a premature notice of appeal from the judgment (see CPLR 5520 [c]); and it is further,

Ordered that the judgment is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith.

On July 4, 1998, the petitioner was involved in an altercation in which the police responded to the scene. The petitioner was arrested and transported to the Nassau County Medical Center for treatment and psychiatric evaluation. Upon his ar-

rest, the police secured the petitioner's residence and removed therefrom a number of pistols, three rifles, and a shotgun. Two days later the petitioner was discharged from the medical center after it was determined that he did not pose a danger to himself or to others. Subsequently, the petitioner was arrested a second time for an alleged violation of an order of protection. Charges stemming from both arrests were ultimately dismissed.

The Nassau County Police Department revoked the petitioner's pistol permit and refused to return the rifles and shotgun, for which no permit is required, citing community fear. The petitioner commenced the instant proceeding seeking the return of the rifles and shotgun. The Supreme Court denied the petition and dismissed the proceeding, stating that the continued retention by the police of the rifles and shotgun was proper until the petitioner's status to possess them is clarified. We reverse.

Under the circumstances, while the continued custody of the rifles and shotgun is proper, the petitioner is entitled to a hearing to determine his suitability to possess the rifles and shotgun (*cf.* Penal Law § 265.00 [16]). Accordingly, we remit the matter to the Supreme Court, Nassau County, to conduct such a hearing. Smith, J.P., McGinity, Luciano and Crane, JJ., concur.